**B. Kenneth ADAMS and Caroline Adams, as Parents of Clifford Francis Adams, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 68–289.**

United States District Court
M. D. Pennsylvania.

June 16, 1969.

W. Roger Pratt, Utica, N. Y., for plaintiffs.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

This is a Federal Tort Claims Act[1] case in which plaintiffs seek to recover from the United States Government for the death of their son, Clifford Francis Adams, who they allege was fatally injured on Randolph Road, Coco Solo, Canal Zone, Panama, when struck by a vehicle negligently operated by Richard Thomas Burrows, an employee of the United States. According to plaintiffs' complaint, at the time of the accident Burrows " * * * was regularly in the service and employ of the United States of America, and was acting within the scope of his employment." Defendant filed a motion for summary judgment,

---

1. 28 U.S.C. § 1346(b):

"(b) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

pursuant to Rule 56, and, in support thereof, affixed affidavits which stated that both Richard Thomas Burrows and the decedent, Clifford Francis Adams, were on liberty at the time of the accident and, consequently, were not acting on behalf of the United States.[2] Plaintiffs did not file any counter-affidavits and confined their rebuttal to an argument that the affidavit concerning Burrows' status was " * * * conclusory in that it states as fact something the affiant could not know that someone other than deponent had issued orders to Mr. Burrows."

Rule 56(e) covers this situation where the moving party has supported his motion with supporting affidavits and states, in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if ap-

2. "SWORN STATEMENT OF JAMES A. FEELEY, CTCH, USN, 608 88 54

"I am Master Chief James A. Feeley, USN, 608 88 54. I am assigned as Operations Chief at the USNSGA, Galeta Island, Canal Zone, and have occupied that position since October 1966.

"I know Ricard Thomas BURROW, (sic) CT2, USN, 999 78 44, personally. He was assigned to my department and worked under my supervision. Based upon the Operations Department Watch Bill for July 1957 and upon my personal recollection, BURROW was in a liberty status which did not terminate until 1600, 16 July 1967. In other words, neither I nor anyone else terminated his liberty status to place him on duty before his regularly assigned 1600–2400 watch on 16 July 1967.

Sworn and Subscribed to me this 28th day of August 1968"

/s/ E. W. Guffey

E. W. GUFFEY, LCDR, USN, 136284/6460, Executive Officer

/s/ J. A. Feeley

J. A. FEELEY, CTCN, USN

• • • • • • • • • • • •

28 August 1968

"SWORN STATEMENT OF CTC LEON LE ROY LESHER, USN, 481 90 53

"I am CTC Leon Le Roy Lesher, USN, 481 90 53.

"I am currently assigned as the Chief in Charge of the Administration Office, U. S. Naval Security Group Activity, Galeta Island, C. Z., and have served in this capacity since 11 July 1967.

"I knew CTSN Clifford Francis ADAMS, USN, 916 69 93. CTSN ADAMS worked in my department under my immediate supervision. I know personally that CTSN ADAMS had no duties on the evening of 15 July or the morning of 16 July 1967; that is he was in a liberty status. I know this because I was the Officer of the DAY (OOD) on that date, and ADAMS would have reported to me if he had had any duties.

"Furthermore, I visited the scene of the accident in which CTSN ADAMS was killed. The accident occurred on Randolph Road between the Coco Solo Annex and the American Legion Club, outside the fenced limits of the Naval Security Group Activity.

"Subscribed and sworn before me this 28th day of August 1968."

/s/ Leon LeRoy Lesher

CTC LEON LE ROY LESHER
481 90 53 USN

/s/ E. W. Guffey

LCDR EARL W. GUFFEY
USN 136284/6460

Executive Officer
U.S. Naval Security Group Activity
Galeta Island, Canal Zone

propriate, shall be entered against him."

 Where a movant presents affidavits that would entitle him to a directed verdict and the opposing party fails either to offer counter-affidavits or materials that raise a credible issue or show that he has evidence not then available, summary judgment may be rendered for the moving party. 6 Moore Federal Practice § 56.11(3), at p. 2163. Mere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment. Engl v. Aetna Life Ins. Co., 139 F.2d 469 (2d Cir. 1943). A party adverse to a summary judgment motion may not rest upon his pleadings once sworn affidavits have been introduced. Crest Auto Supplies, Inc. v. Ero Manufacturing Co., 246 F.Supp. 224 (N.D.Ill. 1965), affirmed 360 F.2d 896 (7th Cir. 1966). Plaintiffs in the case before us have merely challenged defendant's affidavits as conclusory, but offered no counter-affidavits or assertions that Burrows was acting within the scope of his employment; consequently, we must accept defendant's affidavits as true, if well-pleaded, otherwise the thrust of Rule 56 would be meaningless.

Under 28 U.S.C.A. § 1346(b), United States District Courts have exclusive jurisdiction of civil actions on claims against the United States for money damages for death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment. Further, 28 U.S.C.A. § 2671 provides, in pertinent part:

> "'Acting within the scope of his office or employment', in the case of a member of the military or naval forces of the United States, means acting in line of duty."

 The words "line of duty" in the Statute go no further than to invoke the State law of respondeat superior with respect to tort claims arising out of alleged wrongful acts of military personnel. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761; Bissell v. McElligott, 369 F.2d 115 (8th Cir. 1966). The law of the State where the accident occurred must be applied in determining the question of respondeat superior. Mider v. United States, 322 F. 2d 193 (6th Cir. 1963). Consequently, we must look to the law of the Canal Zone in deciding this issue. The Canal Zone Code was derived from and patterned after the California Code, Panama Canal Company v. Wagner, 234 F.2d 163 (5th Cir. 1956), and Title 4 Canal Zone Code § 2739 provides as follows:

> "§ 2739. Principal's responsibility for agent's negligence, wrongful act, or omission

> "Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by the agent in and as a part of the transaction of the business, and for his willful omission to fulfill the obligations of the principal. 76A Stat. 191

### History

> "Derivation. Based on C.Z. Code 1934, Title 3, § 1659 (Cal.Civ.Code § 2338)."

This section is taken verbatim from § 2338 of the California Civil Code. In Chapin v. United States, 258 F.2d 465 (9th Cir. 1958), it was noted that the common law doctrine of respondeat superior has been made a part of the statutory law of California. In that case, a soldier was enroute from Norton Air Force Base, California, to Ft. Hood, Texas, traveling in his own automobile under competent orders transferring him to Ft. Hood on a permanent change of station when he became involved in an accident. Suit was instituted against the United States under the Federal Tort Claims Act alleging that the soldier was acting within the scope of his employment at the time of the accident. The District Court granted the Government's motion for summary judgment

and the Court of Appeals affirmed, concluding that the soldier's act of travel was not one subject to the employer's control as a part of the duties the employee was hired to perform. A fortiori, if Burrows, in the case before us, was away from the base for liberty purposes, he was not at that time subject to defendant's control as a part of his duties as a serviceman.

The Court has been informed that there are no Canal Zone decisions on the issue of respondeat superior, but holdings under the California Code must be given great weight. After analyzing all relevant facts to determine what the Canal Zone Court would do on this issue, I conclude that Burrows was not acting within the scope of his employment at the time of the accident involved herein and recovery cannot be had against the United States under the Federal Tort Claims Act. Defendant's motion for summary judgment will be granted.