Celena M. SOUCIE, Plaintiff,

v.

Jean M. HACKENBURG and Larry S. Hackenburg, Defendants and Third-Party Plaintiffs,

and

Raymond MULL, Third-Party Defendant.

Kathryn G. WILLIAMS, Plaintiff,

v.

Jean M. HACKENBURG and Larry S. Hackenburg, Defendants and Third-Party Plaintiffs,

and

Raymond MULL, Third-Party Defendant.

Mary Francis WILLIAMS, Plaintiff,

v.

Jean M. HACKENBURG and Larry S. Hackenburg, Defendants and Third-Party Plaintiffs,

and

Raymond MULL, Third-Party Defendant.

Mary Francis WILLIAMS, Plaintiff,

v.

Raymond MULL, Defendant and Third-Party Plaintiff,

and

Jean M. HACKENBURG and Larry S. Hackenburg, Third-Party Defendants.

Civ. A. Nos. 71-55 to 71-57 and 71-148.

United States District Court, M. D. Pennsylvania.

Dec. 8, 1971.

Grossman & Levine, Niagara Falls, N. Y., John A. Carpenter, Sunbury, Pa., for Celena M. Soucie, Kathryn G. Williams and Mary Francis Williams.

Greevy, Knittle & Mitchell, Williamsport, Pa., for Jean M. and Larry S. Hackenburg.

Clair Groover, Mifflinburg, Pa., for Raymond Mull.

## OPINION

MUIR, District Judge.

Larry Hackenburg, Defendant in three of these actions and Third-Party Defendant in the fourth, has moved for summary judgment in his favor in all four actions.[1] All four actions arise from the same automobile accident. At least for purposes of deciding this motion for summary judgment, the four actions are properly considered together.

 It appears that on October 11, 1969, Plaintiffs Soucie, Kathryn Williams and Mary Williams were in a car which collided with a car driven by Defendant Jean Hackenburg. In their complaints against Jean Hackenburg and Larry Hackenburg, these three Plaintiffs allege that at the time of the accident, Larry Hackenburg owned the car driven by Jean Hackenburg and that she was driving with his permission and consent. The only other allegation regarding Larry Hackenburg is that "the aforesaid accident was caused wholly and solely by the carelessness and negligence of the Defendants." Substantially the same allegations as these are made by the Third-Party Plaintiff in the action in which Larry Hackenburg is a Third-Party Defendant. Thus, Plaintiffs and Third-Party Plaintiff Mull allege that Larry Hackenburg lent his car to Jean Hackenburg and that Larry Hackenburg's negligence was a cause of the accident in question. From these allegations it is impossible to surmise in what manner Larry Hackenburg was allegedly negligent. Defendant Larry Hackenburg, in his motion for summary judgment, has speculated that Plaintiffs intend to impute negligence to him be-

---

1. Although Defendant Hackenburg's motion was actually made with respect to the six pending civil actions arising from the same automobile accident, it is not necessary to consider this motion in Sou-
cie v. Mull, Civil #71–149 or in Kathryn Williams v. Mull, Civil #71–147 because no third party complaint against Larry S. Hackenburg has been properly filed with this court in these two actions.

cause at the time of the accident he was Jean Hackenburg's husband, a fact not alleged in the complaint. Making this assumption, he contends that he is entitled to summary judgment because under Pennsylvania law,[2] the negligence, if any, of Jean Hackenburg cannot be imputed to him. He relies on the Pennsylvania doctrine that the owner of a vehicle is not liable "for the negligence of members of his household to whom he has lent the vehicle for use in their personal affairs or for their own convenience." Meyer, Milford J., Law of Vehicle Negligence in Pennsylvania, 1970, § 17.72; see also Toenges v. Schleihauf, 368 Pa. 247, 82 A.2d 15 (1951). Defendants Jean Hackenburg and Larry Hackenburg have submitted an affidavit in which they state that at the time of the accident in this case, Larry Hackenburg was not in the car driven by Jean Hackenburg and Jean Hackenburg was returning to her home from a visit to her parents' home. No opposing affidavits, depositions, or answers to interrogatories have been filed.

Rule 56(e) of the Federal Rules of Civil Procedure reads in part as follows:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Under this Rule, it would seem that summary judgment would be "appropriate" when

"... a movant presents affidavits that would entitled him to a directed verdict and the opposing party fails either to offer counter-affidavits or materials that raise a credible issue or show that he has evidence not then available ...." Adams v. United States, 302 F.Supp. 1147, 1150 (M.D.Pa.1969); see 6 Moore's Federal Practice, 2d Ed. ¶ 56.11[3], n. 19 for further citations.

According to all that has been offered in these cases thus far, Jean Hackenburg was using the car involved in the accident in her own personal affairs. Hence, if Larry Hackenburg's interpretation of the complaint is correct, he would be entitled to a directed verdict and should therefore receive a summary judgment in his favor.

However, there remains a question whether Larry Hackenburg is entitled to summary judgment if his assumption as to the meaning of Plaintiffs' allegations is incorrect. For instance, it is possible to guess that Plaintiffs wish to allege that Larry Hackenburg negligently entrusted his car to Jean Hackenburg. In spite of this and other alternate theories of negligence which might be inferred from the complaint, it is my view that Defendant Larry Hackenburg is entitled to a summary judgment.

■■ Since one reasonable interpretation of the complaint has been opposed by Defendant Hackenburg, it was incumbent on the Plaintiffs and the Third-Party Plaintiff to show that a genuine issue of material fact exists regarding Larry Hackenburg's liability. Such a showing could have been made in at least three different ways. First, if Defendant Hackenburg's interpretation is correct, Plaintiffs could have submitted affidavits, depositions, or answers to

2. In a diversity suit, a federal district court must apply the conflict of laws doctrine of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Pennsylvania conflict doctrine is that where, as here, an automobile accident occurs in Pennsylvania, Pennsylvania law governs the action despite the out-of-state residency of one of the parties. See Colman v. Pitzer, 160 F.Supp. 862 (W.D. Pa.1958).

interrogatories indicating that Jean Hackenburg was not using the car in her own personal affairs at the time of the accident. Second, if Defendant Hackenburg's interpretation is incorrect, Plaintiffs could have attempted to amend their complaint to indicate a different interpretation of their allegations. Third, Plaintiffs could have submitted affidavits, etc., supporting a different interpretation. They have either rested on the ambiguity inherent in their allegations regarding Larry Hackenburg's liability or simply do not wish to oppose the summary judgment motion. In either event, the motion must be granted because the existence of a genuine issue of material fact has not been shown.

An order and judgment in accord with this opinion will be entered.