John HUBICKI, Plaintiff,

v.

**UNITED STEELWORKERS OF AMER-ICA and ACF Industries, Inc.,
Defendants.**

Civ. No. 72–87.

United States District Court,
M. D. Pennsylvania.

June 27, 1972.

Ambrose R. Campana, Williamsport, Pa., for plaintiff.

John J. Dunn, Sr., Scranton, Pa., David L. Gore, Pittsburgh, Pa., McNees, Wallace & Nurick, Harrisburg, Pa., H. William Koch, Milton, Pa., for defendants.

## OPINION

MUIR, District Judge.

In this action under 29 U.S.C. § 185, Plaintiff John Hubicki seeks damages for his allegedly wrongful discharge from employment at Defendant ACF Industries, Inc. (hereinafter, "ACF") and reinstatement to his former position. ACF has moved for judgment on the pleadings and Defendant United Steelworkers of America (hereinafter, "the union") has moved for summary judgment. Both motions will be granted.

In April, 1971, Plaintiff Hubicki instituted a suit against ACF alone. That suit was based on the same allegedly wrongful discharge as is here in dispute. Civil Action 71–217, M.D. Pa. On November 4, 1971, ACF's motion for summary judgment in that case was granted by Judge Herman of this Court. Hubicki contends that the summary judgment is not a bar to this action against ACF because it did not go to the merits of the claim. Hubicki maintains that portions of the Court's memorandum filed with the summary judgment order reveal that the Court was deciding a demurrer. From this he concludes that the Court should have given him leave to amend his pleadings, as authorized in Rule 15 of the Federal Rules of Civil Procedure. Plaintiff's argument

does not alter the facts: summary judgment clearly was granted, amendment was not permitted, and summary judgment "goes to the merits and operates in bar of the cause of action, not in abatement." Martucci v. Mayer, 210 F.2d 259, 260 (3d Cir.1954) (citations omitted). Plaintiff does not assert that he is now suing ACF on a different "cause of action." His claim against ACF is *res judicata*, and ACF is entitled to judgment on the pleadings.

In his prior suit against ACF, Plaintiff did not include the union as a Defendant. Hence, his claim against the union is not *res judicata*. Furthermore, the union has not argued that Plaintiff is collaterally estopped by the judgment against him and in favor of ACF from pursuing any issues in this action. Accordingly, the question presented by the union's motion for summary judgment is whether the pleadings and affidavits on file in this case "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c) of the Federal Rules of Civil Procedure. It is well-settled that the materials presented in conjunction with such a motion must be viewed in the light most favorable to the party opposing the motion. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158–159, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party has the burden of demonstrating that there is no genuine issue of fact. Associated Hardware Supply Co. v. Big Wheel Distributing Co., 355 F.2d 114 (3d Cir.1966). Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817 (3d Cir.1951).

It is uncontested that after ACF's allegedly wrongful discharge of Plaintiff, the union refused his request to employ the contract grievance procedures to protect his interests. This refusal, Plaintiff asserts, violated the union's duty fairly to represent Plaintiff. A union's duty to process an employee's grievance is not absolute. "A breach of the statutory duty of fair representation occurs only when a union's conduct to-ward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Thus the question before the Court is whether the union's refusal to present Hubicki's grievance to ACF presents a triable issue of arbitrariness, discrimination or bad faith.

Prior to his discharge, Hubicki had been employed at ACF continuously since 1947. On December 9, 1969, ACF suspended Hubicki because of his allegedly improper absence from work. Two days later, Hubicki formally complained of this action to his foreman. On December 12, 1969, he was discharged, and on December 17, 1969, he filed a written grievance. The union grievance committee met with ACF's representatives on December 30, 1969, to discuss Hubicki's discharge. As a result of this meeting, he was reinstated with full seniority.

Hubicki returned to work in January, 1970. In February, 1970, he was again absent from work, this time for reasons connected with the loss by fire of his home and the need to relocate his family. A letter dated February 24, 1970, was sent to him notifying him of his discharge. In his affidavit in opposition to the union's motion for summary judgment, he avers that although this letter may have been delivered to him shortly after its date, he has no recollection of receiving it at that time and that because this was a period of great personal turmoil, the letter "did not come to his attention until some time in the beginning of April 1970." However, in his exhibits to his affidavit, Hubicki has included a letter dated April 10, 1970, which he wrote to the director of public relations of the Defendant union and in which he states that:

> "On February 24, 1970, I received this information from the A.C. & F. quote:
>
> 'This is to infom you that you have lost your Seniority . . . .' "

The only rational interpretation of Hubicki's letter is that it is an admission by

him that on or about February 24, 1970, he had actual knowledge of his discharge.

Some time in early April, 1970, Plaintiff discussed his complaint with the chairman of the grievance committee and was informed that the union could not help him because under the grievance procedure in the collective bargaining agreement, a grievance "must be filed in writing within thirty (30) days from the date it was found to exist by the employee or the union."

In my view, the materials before the Court demonstrate that the union's refusal to process Hubicki's grievance was reasonable. The union had no duty to protest his discharge until requested to do so by him. He failed to make a request within the allowed period despite his awareness that he had a grievance. The union's refusal was therefore prima facie reasonable. In addition, in the present absence of contradictory indications, it is reasonable to infer from the fact that in December, 1969, the union processed a grievance on Hubicki's behalf that the refusal being attacked here was not motivated by hostility or an intent to discriminate.

In order to avoid a grant of the union's motion, Plaintiff cannot rest on the mere allegation of arbitrariness in his complaint. F.R.C.P. Rule 56(e). Under this section of Rule 56, summary judgment is appropriate where

> ". . . a movant presents affidavits that would entitle him to a directed verdict [if the case were at trial] and the opposing party fails either to offer counter-affidavits or materials that raise a credible issue or show that he has evidence not then available . . . ." Adams v. United States, 302 F.Supp. 1147, 1150 (M.D.Pa. 1969); Soucie v. Hackenburg, 53 F. R.D. 526, 528 (M.D.Pa.1971); see 7 Moore's Federal Practice, 2d Ed. ¶ 56.11(3), n. 19 for further citations.

In determining whether a directed verdict would be proper, the materials before the Court must be viewed in the light most favorable to Plaintiff. *Adickes*, supra.

In attempting to show that there is a "credible issue" of arbitrary, discriminatory or bad faith action on the part of the union, Plaintiff has offered only a statement in his affidavit that, to the best of his knowledge, the union never submitted the matter of the timeliness of his complaint to its legal department. Plaintiff claims the matter should have been submitted for legal interpretation because the prevailing law is that whether a grievance is timely filed is a matter for arbitration, citing Radio Corp., of America v. Association of Prof. Engineering Personnel, 291 F. 2d 105, 110 (3d Cir.1961). Plaintiff has correctly stated the "black-letter" law in this regard, but not in its appropriate context. *Radio Corp.* holds that a Court will not determine the timeliness of the filing of a grievance but will instead refer the matter to arbitration. This doctrine does not mean that a union must refer all questions of the timeliness of the filing of grievances to its legal department. The issue before the Court is not whether the grievance was timely; the issue is whether the union declined arbitrarily, capriciously or in bad faith to process the grievance.

Plaintiff has not shown the existence of a triable issue of material fact. Contrary to the allegation in his complaint, it appears that the union had reasonable cause to refuse to employ the contract grievance procedure in his behalf. Were this a trial, the union would be entitled to a directed verdict in its favor because there is nothing which has been presented in this case from which a jury could reasonably find that the union acted arbitrarily. Hence, the union must prevail on its motion for summary judgment. *Adams*, supra; *Soucie*, supra.

An order granting the union's motion for summary judgment and ACF's motion for judgment on the pleadings will be entered.