NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-3966 & 16-4231
_____

DREW SMITH; DAVID LEVI MCVEY

v.

TOWNSHIP OF STAFFORD; POLICE CHIEF
JOSEPH GIBERSON; JOHN DOES 1-5

Drew Smith,
                              Appellant


_____


MICHAEL GUADALUPE,
                              Appellant

v.

STAFFORD TOWNSHIP;
POLICE CHIEF JOSEPH GIBERSON


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ Nos. 3-14-cv-05945 and 3-15-cv-00613)
District Judges: Honorable Freda L. Wolfson, Honorable Michael A. Shipp
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 16, 2017

BEFORE:  JORDAN, KRAUSE, and GREENBERG, Circuit Judges

(Opinion Filed: July 26, 2017)

_____

OPINION*
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.


I.  INTRODUCTION

This matter comes on before this Court on consolidated appeals of two cases from the District of New Jersey in which plaintiff-appellants Drew Smith and Michael Guadalupe asserted causes of action under 42 U.S.C. § 1983 against defendant-appellees the Township of Stafford and Police Chief Joseph Giberson claiming that they were improperly denied promotions in contravention of their procedural and substantive due process rights under the Fourteenth Amendment to the Constitution.  On this appeal, they contend that the District Courts erred in holding that they had no property interest in the promotions to which procedural or substantive due process could attach.  Because we hold that Smith and Guadalupe failed to avail themselves of the procedural remedies available and they do not have fundamental constitutional rights to require that the Township adheres to a promotional process, we will affirm the District Courts' grant of summary judgment in favor of the defendant-appellees on both appellants' due process claims.

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.


II. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Courts had jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1331. We maintain jurisdiction under 28 U.S.C. § 1291, as both the December 28, 2016 consent order dismissing the remaining counterclaim after granting summary judgment in favor of the defendant-appellees against Smith's claims and the November 8, 2016 order granting summary judgment for the defendant-appellees on Guadalupe's claims constitute final orders.[1]

"We exercise plenary review of a district court's grant of summary judgment." Goldenstein v. Repossessors Inc., 815 F.3d 142, 146 (3d Cir. 2016). We must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, "[a]ll reasonable inferences from the record must be drawn in favor of the nonmoving party and the court may not weigh the evidence or assess credibility." Goldenstein, 815 F.3d at 146 (quotation marks omitted). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" with citations of "particular parts of materials in the record" or by a "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c).

## III. BACKGROUND

---

[1] A grant of summary judgment is a judgment on the merits of a case and is entitled to preclusive effect. Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973).

Inasmuch as we write primarily for the parties, we need not recite in detail the procedures involved in determining the appellants' fitness for promotions. Suffice it to say that appellants Drew Smith and Michael Guadalupe worked for the Stafford Township Police Department in Manahawkin, New Jersey, and desired to be promoted. To that end, they each underwent a promotional assessment—Smith for the position of sergeant, and Guadalupe for the position of lieutenant. That assessment was based on a policy adopted by the Township of Stafford as a formal resolution. Guadalupe J.A. at 539-58. Promotions to either sergeant or lieutenant in relevant part included a Police Executive Assessment done by the Chief of Police. Id. The promotional process for sergeant in addition included two phases. Id. at 548. Those who succeeded in Phase One would proceed to Phase Two. Id. Further, for promotion to sergeant, there was a Supervisory Recommendation roundtable portion of the assessment. Id. Neither candidate scored highly enough to receive an immediate promotion.

Smith and Guadalupe contend that the assessment of candidates was unfair and violated their constitutional due process rights. Smith claims both that there was an error in determining who would proceed after Phase One in light of some tie scores and that the Supervisory Recommendation and Police Executive Assessment improperly weighed factors concerning his promotion. Smith Appellant's br. at 6. Guadalupe solely contests the Police Executive Assessment. Guadalupe Appellant's br. at 6. Neither Smith nor Guadalupe followed the appeals procedure delineated in the formal resolution, but both

4

claim that such a procedure was futile because the appeals would have been reviewed by the Chief of Police, the same decision-maker whose decisions they contest.[2]

Smith and Guadalupe filed unsuccessful separate suits in District Court that were consolidated for purposes of this appeal. See Guadalupe Appellant's br. at 3. Guadalupe acknowledges that "[t]he legal theory was essentially identical" in Smith's case to that pursued in his own. Id. at 2. Thus, we consider the appeals jointly.[3]

## IV. DISCUSSION

### 1. Procedural Due Process

Appellants contend that they had a property interest in "a fair and unbiased promotional examination"—or, phrased differently, a "legitimate expectation of entitlement to the Police Department's compliance" with the Township's promotional regulations—to which procedural due process attaches. Guadalupe Appellant's br. at 23; Smith Appellant's br. at 32. Appellees claim that there are no such interests and further assert that each party was required to have completed, but did not complete, the proper procedures in order to proceed on a procedural due process claim. Smith Appellees' br. at 20, 35; Guadalupe Appellees' br. at 14, 28.

We need not come to a conclusion about the property interest question, as both appellees did not pursue the appeals process as provided by the Township of Stafford's

---

[2] The Phase One calculation actually according to the appeals procedure may not have been appealed to the Chief of Police but rather to the outside testing consultant who ran that portion of the assessment. Guadalupe J.A. at 552.

[3] There cases have complex procedural historys that we need not recite.

council procedural resolution. Because a plaintiff must allege that he did not receive due process after following the procedures in place, "a procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

The record shows that Smith and Guadalupe failed to initiate the appeals process according to the procedures provided by Stafford's resolution. Smith did not attempt to appeal at all. Smith J.A. at 905. On the other hand, Guadalupe met with the Chief of Police in person within the ten-day window for appeals and then filed a grievance with the Chief of Police after that window had closed. Guadalupe J.A. at 478, 504-506. But that process did not comply with the procedure designated in the Township of Stafford's governing regulation. Id. at 552.

Smith and Guadalupe contend without citing any sources that the appeals process would have been futile because they contested the Chief of Police's decision and the appeal would be reviewed by that same decision-maker. Smith Appellant's reply br. at 1; Guadalupe Appellant's reply br. at 3. They do not direct us to evidence to support their claim that the appeals process would not have sufficed. We are unwilling to hold as a matter of law without any evidence in support that an appeals process is inherently futile because the same decision-maker would review the appeal. Thus, summary judgment in favor of defendants on the procedural due process claim is warranted.

2. Substantive Due Process

6

Both appellants contend that they have a valid substantive due process claim without identifying a valid property interest under the Constitution. Instead, they seem to claim that the alleged "arbitrary, bad faith manner" of deciding promotions creates a substantive due process right. Smith Appellant's br. at 50; Guadalupe Appellant's br. at 39.

Because a valid substantive due process claim only attaches to interests that are "fundamental" to the Constitution, appellants' substantive due process claims must fail. See Nicholas v. Pa. State Univ., 227 F.3d 133, 142 (3d Cir. 2000). We have acknowledged that there is no substantive due process property interest in public employment—let alone procedures for promotion—because any rights in employment are state-created, not federally guaranteed. Id. at 142-43 (citing cases from other circuits). Thus, the District Courts correctly granted summary judgment in favor of the defendants on the substantive due process claims.

V.    CONCLUSION

For the foregoing reasons, we will affirm the District Courts' grant of summary judgment on behalf of appellees.

7