**Norman Garfield KLINE, Jr., et al.,**
**Plaintiffs-Appellants,**

v.

**FLORIDA AIRLINES, INC.,**
**Defendant-Appellee.**

**No. 73-3280.**

United States Court of Appeals,
Fifth Circuit.

July 10, 1974.

Harold Mendelow, Miami, Fla., for plaintiffs-appellants.

L. Robert Frank, Michael N. Brown, Tampa, Fla., for defendant-appellee.

Before BELL, SIMPSON and INGRAHAM, Circuit Judges.

SIMPSON, Circuit Judge:

The plaintiff-appellants were employed by appellee as mechanics in 1971

and were furloughed in a force reduction or work cut back without regard being given to their seniority. All are Florida citizens and residents and appellee is a Florida corporation. The suit below was for mandatory reinstatement and back pay. The trial court granted summary judgment and we affirm on the basis of the undisputed facts before him.

Shortly after the appellants' lay-off the International Association of Machinists and Aerospace Workers (IAM) was formally certified by the National Mediation Board as the bargaining representative for the airline employees. Negotiations with the company regarding rates of pay, working conditions . and other matters ensued soon thereafter. The issue of the appellants' discharge arose during these contract negotiations between the company president and the union representative and was included in the bargaining at the written request of the IAM representative.[1] The union representative at said meeting was acting on behalf of appellants and neither then nor at any time did appellants, or any or either of them, repudiate the IAM's authority to act for them. Further, none of appellants attempted in any matter at any time to negotiate said issue with the company. The negotiations were concluded by a letter agreement signed by both parties and by the National Mediation Board which settled in full the dispute concerning the job lay off or termination of appellants. Specifically the agreement contained this provision:

"In order to settle the outstanding issues remaining in the unions submission of contract proposals it is agreed and understood the Florida Air Lines, Inc. will recall, in order of seniority the remaining four Florida Air Line mechanics terminated on Feb. 20, 1971, as mechanic openings occur and credit them with seniority and active service credit from their original date of hire.

It is further agreed that the qualification of holding valid Air Frame and Power Plant Certificates applies. No certificates, no recall.

It is further agreed and understood that 'bid jobs' (Lead Mechanics, Inspector) filled after Jack Sheesley, Charles Noecker, John Sewell and Norman Kline, Jr., being furloughed on Feb. 20, 1971, shall not be disturbed. However, for the future if additional Lead Mechanics or Inspector Jobs are created and filled future reduction will be on the basis of seniority as defined in the Agreement between the parties."

■ In paragraph 4 of his affidavit in opposition to the grant of summary judgment, the IAM Grand Lodge representative, George M. Brown, admitted that as part of his contract proposals he presented the Company President a proposal to reinstate the appellants with full emoluments, but continued that *he* never understood that the letter of agreement would deprive appellants of any rights under the Railway Labor Act or any other laws for recovery of job rights. We agree with the trial court's appraisal by his order granting summary judgment of this statement as "at best, a plea of unilateral mistake, and * * * insufficient to limit or avoid the effect of the settlement agreement", citing Pyzniski v. New York Central Railroad Company, 2 Cir. 1970, 421 F.2d 854.

■ Title 45, U.S.C. Secs. 151, 152, and 154 to 163, known as the Railway Labor Act, is extended to carriers by air by Secs. 181 et seq. of Title 45, U.S.C. The act requires the representative of the parties involved to attempt to settle disputes or grievances, whether deemed "major" or "minor", Sec. 152 First. Elgin, Joliet & Eastern Railway Co. v.

---

1. The IAM's written proposal concerning negotiations included the following request:
   "It is further proposed that Messrs. John Sewell, Norman Kline, Jack Shees-ley and Charles D. Noecker lay off out of seniority be reversed and the individuals be made completely whole for any and all damages."

Burey, 1945, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886, on rehearing, 1946, 327 U.S. 661, 665, 66 S.Ct. 721, 723, 90 L.Ed. 928, 930. Sec. 152 Second directs that all disputes between a carrier and its employees "shall be considered, and, if possible, decided, with all expedition, in conference between representatives designated and authorized so to confer."

Under these mandates the parties then are required to try to settle a dispute before invoking the procedures for handling either (1) "major disputes", within the jurisdiction of the National Mediation Board, Sec. 183, Title 45 U.S.C.,[2] or (2) "minor disputes", Sec. 184, Title 45 U.S.C.

Sec. 184 provides that disputes between an employee and a carrier by air growing out of a grievance shall be handled in the usual manner "up to and including the operating officer of the carrier designated", but "failing to reach an adjustment", may be submitted to a private board of adjustment. Appellants contend before us that no such systems board had come into existence at the time of the layoffs of appellants. We view this as immaterial in the posture of this case, since the dispute was fully adjusted short of the need arising for submission of the dispute to such a board.

Appellants urge that the power of the collective bargaining agent to act for its members in major and minor disputes was spelled out by the Supreme Court in Elgin, Joliet & E. R. Co., supra. Our holding conflicts in no sense with that decision, especially in view of the clear language of the court on rehearing

granted, 327 U.S. 661, 66 S.Ct. 721, 90 L.Ed. 928, in limiting the somewhat broad implications of the original opinion:

"We also pointed out that the Act imposes correlative affirmative duties upon the carrier, the collective agent and the aggrieved employee to make every reasonable effort to settle the dispute. It would be entirely inconsistent for the Act to require the carrier and the union to negotiate concerning the settlement of the grievance and, while withholding power from them to make that settlement effective finally as against the employee, to relieve him altogether of obligation in the matter. Not only is he required to take affirmative steps. His failure to do so may result in loss of his rights." (Note omitted) 327 U.S. at 665, 66 S.Ct. at 723, 90 L.Ed. at 930.

The Court said with respect to major and minor disputes:

"The obligation [to negotiate] is not partial. In plain terms the duty is laid on the carrier and employees alike, together with their representatives; and in equally plain terms it applies to all disputes covered by the Act, whether major or minor."

Id. at 665, 66 S.Ct. at 723, 90 L.Ed. at 930. Note 6 (quoting the original opinion, 325 U.S. at 725, 65 S.Ct. at 1290, 90 L.Ed. at 1895 Note 18.)

We agree with the lower court that the appellants were bound as a matter of law by the negotiated settlement. Summary judgment was proper.[3]

Affirmed.

---

2. The NMB has jurisdiction under Sec. 183 only where the dispute is "not adjusted in conference between the parties."

3. We do not decide whether the right of the appellants to sue at common law for unlawful discharge survives the submission of their claims to negotiation. Assuming that this right remains viable, it may not be asserted in the federal courts, in view of the lack of diversity of citizenship between appellants and appellee.

As to the common law right of action, see, e. g. Rumbaugh v. Winefrede R. R. Co., 4 Cir. 1964, 331 F.2d 530, 539, cert. den. 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341; Morrissette v. C. B. & Q. R. R. Co., 7 Cir. 1961, 299 F.2d 502, 503, cert. denied 1962, 369 U.S. 874, 82 S.Ct. 1141, 8 L.Ed.2d 277; Duplisea v. Maine Cent. R. R. Co., 1 Cir. 1958, 260 F.2d 495; Stack v. N. Y. Cent. R. R. Co., 2 Cir. 1958, 258 F.2d 739, 741, 742; Buster v. C. M. St. P. & P. R. R. Co., 7 Cir. 1952, 195 F.2d 73, 74.