**GENERAL TEAMSTERS, CHAUFFEURS, AND HELPERS, LOCAL UNION NO. 249, a/w International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an Unincorporated Labor Organization, Plaintiff,**

v.

**PENN BUILDERS SUPPLY COMPANY, a corporation, Defendant.**

Civ. A. No. 78–871–A.

United States District Court,
W. D. Pennsylvania.

Dec. 18, 1978.

Ernest B. Orsatti, Pittsburgh, Pa., for plaintiff.

Martin Lubow, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

WEBER, Chief Judge.

General Teamsters, Chauffeurs, and Helpers, Local Union No. 249 ("Local 249") instituted this action to compel Penn Builders Supply Company ("Penn Builders") to arbitrate a certain grievance in accordance with the terms of the parties' collective bargaining agreement. Jurisdiction is predicated on Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. The case is presently before the Court on Penn Builders' Motion to Dismiss for Failure to Join an Indispensable Party, Fed.R.Civ.P. 12(b)(7), and Local 249's Motion for Summary Judgment, Fed.R.Civ.P. 56(a).

After a thorough review of the pleadings, briefs and affidavits the Court is able to discern the following operative facts. Penn Builders is a wholly owned subsidiary of Burrell Construction and Supply Company ("Burrell"). International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Local 538 ("Local 538") is a separately chartered labor organization, as is Local 249. At all times relevant to this dispute Penn Builders and Local 249 were parties to a collective bargaining agreement. Burrell and Local 538 were parties to a similar labor contract. Apparently, Penn Builders has no labor agreement with Local 538 and Burrell has none with Local 249.

Sometime prior to August 16, 1977, a dispute arose with regard to an alleged violation of the seniority clause in the labor contract between Penn Builders and Local 249. Specifically, Local 249 charged that Penn Builders and Burrell were a single employer. Consequently, in the estimation of Local 249, the employer violated Article IV, Sections 4, 5 and 6 of the parties' bargaining agreement when it refused to "dovetail" the seniority lists of Penn Build-

ers and Burrell. The employer refused to arbitrate, contending that the question constituted a jurisdictional dispute between two local unions. Local 249 ultimately submitted the issue to Teamsters Joint Council No. 40 Executive Board, in compliance with provisions of the union's constitution. The Board concluded that the dispute was not jurisdictional; but should be processed through the grievance procedure. The employer continues its objection to arbitration, maintaining the problem should be resolved through internal union procedures.

Penn Builders' motion to dismiss is grounded on the contention that Local 538 is a necessary and indispensable party to this litigation. Penn Builders asserts that the outcome of any arbitration ordered by this Court could materially affect the seniority rights of Local 538's membership and, therefor, joinder is proper. The argument continues that any adverse award issued in the absence of Local 538 could lead to a subsequent grievance against Burrell, with the attendant possibility of inconsistent results. We fully appreciate the dilemma. Certainly, an arbitration award without binding effect on both locals would be of little value. Nonetheless, we cannot afford the relief requested.

The Court is cognizant of its broad authority in § 301 litigation, including the power to order tripartite arbitration in appropriate instances. In *Window Glass Cutters League of America v. American St. Gobain Corp.*, 47 F.R.D. 255 (W.D.Pa.), aff'd, 428 F.2d 353 (3d Cir. 1970), a case instituted to enforce the grievance provisions of a labor contract, we were concerned with the employer's motion to join an additional defendant. The employer contended that any resolution without the presence of another affected union could subject it to inconsistent results. The Court viewed the matter as an incipient jurisdictional dispute between the two unions. Concluding that a disposition of the case without both unions could well result in double or inconsistent liability for the employer, we ordered joinder. The case at bar, however, is distin-

guishable on its facts. In this instance there is no evidence that Penn Builders has any contractual connection with Local 538. Admittedly, Penn Builders is a wholly owned subsidiary of Burrell. There is no evidence, though, as to the degree of control Burrell exercises over the labor relations of Penn Builders. Therefore, we cannot hold that Penn Builders and Burrell are a single employer for purposes of § 301. *See, National Labor Relations Board v. Condenser Corp. of America*, 128 F.2d 67 (3d Cir. 1942). Absent this identity between Penn Builders and Burrell, the Court finds no basis for jurisdiction over Burrell and Local 538 in the instant suit. Accordingly, we will deny the motion to dismiss without prejudice.

Our conclusions are, likewise, dispositive of Local 249's motion for summary judgment. Given that Penn Builders and Burrell have not been demonstrated to be a single employer, the Court believes that there are genuine issues of material fact with regard to whether there has been a breach of the labor agreement and, consequently, whether the dispute is arbitrable. Therefore, the motion for summary judgment will be denied without prejudice.

An appropriate order shall issue.