Joseph J. CONRAN

v.

The GREAT ATLANTIC & PACIFIC
TEA COMPANY, INC., et al.

Civ. A. No. 79–2892.

United States District Court,
E. D. Pennsylvania.

June 4, 1980.

Julius E. Fioravanti, Philadelphia, Pa., for plaintiff.

Patrick W. Ritchy, Pittsburgh, Pa., Christopher K. Walters, Martin Wald, Philadelphia, Pa., for defendants.

GILES, District Judge.

This is an action commenced in October, 1979, by an employee of defendant, A&P Food Stores ("A&P") who seeks to have declared null and void an existing collective bargaining agreement, and to require reinstitution of the terms and conditions of a prior labor agreement affecting seniority and layoff. Plaintiff also seeks damages. The prior agreement, which plaintiff would enforce, expired by its terms on February 2, 1980. The party defendants have now moved for summary judgment. For the reasons set out below, the motion will be granted.

Plaintiff purports to represent himself and other members of the collective bargaining agent, Local 169, Warehouse Employees' Union ("Local 169") affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America Independent ("Teamsters"). Plaintiff has not joined Local 169 as a party.

Plaintiff asserts that jurisdiction is based upon diversity of citizenship and amount pursuant to 28 U.S.C. § 1332(a). However, plaintiff has failed to allege the citizenship of any party, including his own. Therefore, this court does not have jurisdiction by reason of diversity. However, in light of the totality of the complaint, subject matter jurisdiction can be inferred.

■ Plaintiff does not specifically allege that A&P breached a collective bargaining agreement although he does allege that the current labor agreement has the effect of circumventing the seniority and layoff provisions of the prior labor agreement. The court regards this allegation as sufficient under the standards of notice pleading to charge a violation of a collective bargaining agreement cognizable under Section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C. § 185(a). Whether the allegations of the complaint are sufficient to state a cause of action is another and distinct question. *Wolko v. Highway Truck Drivers Local 107*, 232 F.Supp. 594 (E.D.Pa. 1964). Section 301 has been liberally construed to extend beyond suits involving an employer and union to include suits by and against individual employees to enforce uniquely personal collective bargaining rights without regard to diversity or amount. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Hubicki v. ACF Industries*, 484 F.2d 519 (3d Cir. 1973); *Maita v. Killeen*, 465 F.Supp. 471, 473 (E.D.Pa.1979).

■ Although he has attempted to restate the requisites of Rule 23, Fed.R.Civ.P., plaintiff has failed to allege that the members of the class he purports to represent are members of the same bargaining unit *and* employed by the same employer, A&P. He merely alleges that the class he represents are union members of Local 169. Yet, it is apparent from the complaint that Local 169 under the same agreement represents members employed by several other food stores. The labor agreement which plaintiff seeks to enforce is between Local 169 and an employers' association, the Philadelphia Food Store Employers Labor Council. A&P is only one of its food store members; all have a common labor agreement with Local 169. As against A&P, plaintiff cannot represent a class of all union members since all employees of all employers of the

association are members of or represented by Local 169. Moreover, plaintiff has failed to move within ninety (90) days after commencement of the action, pursuant to Rule 45 of the Local Rules of Civil Procedure for determination of whether this matter can be maintained as a class action. Plaintiff has neither instituted discovery since commencing the action nor has he submitted to discovery depositions properly noticed. Accordingly, the court shall strike the class action allegations of the complaint for failure to comply with Local Rule 45. The complaint shall be treated hereinafter as an individual action.

Although he claims damages, plaintiff has failed to allege any personal deprivation or plead any circumstance by which he is or may be harmed monetarily under the current labor agreement. For example, he has not alleged that he has been discharged, laid off, or subjected to any loss of seniority by reason of the alleged difference between the current seniority provisions and those of the prior agreement. Plaintiff does not allege that his union was without authority to enter into the current agreement.

Defendants A&P and Transco Service Corporation ("Transco") have moved for summary judgment on two grounds.[1] Rule 56(b), Fed.R.Civ.P. authorizes a defendant to move at any time for a summary judgment in his favor and supporting affidavits are not necessary. *Hubicki v. AFC Industries, Inc.*, 484 F.2d 519, 522 (3d Cir. 1973).

Defendants assert plaintiff has failed to state a cause of action since the facts alleged, even if taken as true, amount to no more than that there was an agreement between parties to a collective bargaining agreement to change certain contract provisions. They argue that seniority rights are contractual in nature, are not immutable and that the terms of an existing labor agreement can be altered or amended by the parties at any time. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953); *EEOC v. American Tel. & Tel. Co.*, 419 F.Supp. 1022 (E.D.Pa.1976); aff'd, 556 F.2d 167 (3d Cir. 1977); *cert. denied*, 438 U.S. 915, 98 S.Ct. 3145, 57 L.Ed.2d 1161 (1978); *Oddie v. Ross Gear & Tool Co.*, 305 F.2d 143, 149 (6th Cir. 1962), *cert. denied*, 371 U.S. 941, 83 S.Ct. 318, 9 L.Ed.2d 275 (1962); *Crusco v. Fisher & Brother*, 458 F.Supp. 413 (S.D.N.Y.1978). Defendants also assert that the complaint should be dismissed for failure to join Local 169 as a necessary and indispensable party. Since the court agrees that plaintiff has failed to state a cause of action under Section 301, it will not be necessary to decide defendants' contention as to a necessary and indispensable party.[2]

To decide defendants' motion, a brief statement of facts gleaned from plaintiff's complaint is in order. On January 20, 1977, A&P, as a member of the employer association, Philadelphia Food Store Employers Council, became bound by the terms of a collective bargaining agreement with Local 169, which agreement had an expiration date of February 2, 1980. It covered all A&P stores or facilities within Local 169's jurisdiction, including a warehouse complex located in Florence, New Jersey where plaintiff worked. Sometime prior to August 10, 1979, A&P ceased operations at the Florence warehouse. Transco assumed the operations and became plaintiff's employer. At that time, Transco was also operating a warehouse in Edison, New Jersey and, there, had a labor agreement with another Teamsters local, Local 863. When Transco began operations at Florence, Local 863's labor agreement was extended, on the theory of accretion to an existing unit, to cover that location as well. For a time, the Florence warehouse employers worked under

---

1. Plaintiff failed to file a timely response to the defendant's motion for summary judgment. A motion for extension of time to respond was denied. Plaintiff's written motion was devoid of any showing of a meritorious basis for opposing the instant motion. Plaintiff's counsel at a hearing on defendants' motion for sanctions was unable to state in what respect he would oppose the summary judgment motion.

2. Plaintiff sought belatedly to amend his complaint to join an indispensable and necessary party but failed to identify the entity to be joined. Plaintiff's counsel could not, when asked to do so by the court, at a hearing on a motion for sanctions, articulate any basis for allowance of an amendment to the complaint.

the Local 863 agreement. However, Local 169 challenged the jurisdiction of Local 863 because it had a prior labor agreement with A&P and had previously represented the bargaining unit at Florence. On August 10, 1979, by written agreement and in settlement of the jurisdictional dispute, Local 863 ceded jurisdiction over the Florence warehouse complex to Local 169. In turn, Local 169 agreed to accept the terms of the Transco collective bargaining agreement then in effect at Florence. Transco agreed to hire employees laid off from another A&P site, based on a ratio of one for every three new hires at Florence. It was agreed that the former A&P employees would be credited with their A&P length of service only for vacation purposes. That labor agreement is presently in effect and will expire by its terms on October 24, 1981.

Plaintiff does not allege in what way, if any, the seniority provisions of the Transco labor agreement differs from the old A&P labor agreement. However, what is evident from plaintiff's complaint is that on August 10, 1979, a separate employing entity, Transco, became his employer for purposes of labor relations and negotiated a new labor agreement with Local 169, plaintiff's previous collective bargaining agent, which differed from the prior A&P agreement. Part of the consideration for the new agreement was Transco's undertaking to hire some of Local 169's laid off union members. However, any such new hires would have been *junior* seniority–wise to all incumbents including plaintiff.

 Whether Transco is considered a new employer or a successor employer, the resulting bargaining obligations are the same. A new employer has a clear duty to bargain with an elected or recognized bargaining agent. Similarly, a successor employer has a duty to bargain if the union requests it to do so. The union is not automatically bound by the substantive provisions of a collective bargaining agreement negotiated with the predecessor employer. *Russom v. Sears & Roebuck and Co.*, 558 F.2d 439 (8th Cir. 1977) *cert. denied*, 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313

(1977); *NLRB v. Pick–Mt. Laurel Corp.*, 436 F.Supp. 1342 (D.C.N.J.1977). Here, on August 10, 1979, Local 169 specifically negotiated a labor agreement with Transco to cover the new Transco operation. Both parties were legally bound thereby. There is no allegation or evidence that the acts of negotiation and agreement between Local 169 and Transco were contrary to any federal labor law, or the union's constitution or by–laws. It is well established that in the absence of a limitation, or employer knowledge of a limitation, placed upon the power of a collective bargaining agent, there is no legal impediment to an employer agreeing with a union to change substantive terms of an existing agreement. Indeed, in such a case there is no legal requirement that the negotiated agreement even be submitted to the membership for ratification because a duly designated labor representative has a statutory duty to make binding agreements with respect to wages, rules and other working conditions. *Goclowski v. Penn Central Transportation Co.*, 571 F.2d 747, 759 (3d Cir. 1977); *International Brotherhood of Teamsters Local 310 v. NLRB*, 587 F.2d 1176, 1182 (D.C.Cir.1978); *Baker v. Newspaper & Graphic Communications*, 461 F.Supp. 109 (D.D.C.1978). A unilateral failure of a union to follow its own rules is an insufficient basis to invalidate agreements entered into by a union and an employer. *Kline v. Florida Airlines, Inc.*, 496 F.2d 919 (5th Cir. 1974).

 Plaintiff is hardly in a position to complain that Transco negotiated a collective bargaining agreement with Local 169. The parties were free to do so. Furthermore, even if A&P had remained the employer, in the absence of an allegation that Local 169 was specifically limited in its collective bargaining authority, and that A&P knew this limitation, no claim is stated since the parties are able to alter or change an existing labor agreement at any time. *Ford Motor Co. v. Huffman, supra.*

Plaintiff alleges that the underlying agreement of August 10, 1979, with Transco has the effect of circumventing the seniori-

ty and layoff provisions of the prior A&P agreement, that a grievance[3] was filed and denied, and that the union refused to process it after the critical denial. Assuming that the grievance complained about the fact that the parties negotiated the August 10, 1979, agreement, it amounts to no more than that Transco and Local 169 negotiated a labor agreement which differed in some respects from the terms of the prior A&P agreement.

Plaintiff also alleges that Transco subsequently entered into an operations agreement with Plus Discount Stores, a subsidiary of A&P, to operate the Florence warehouse and that the Plus Discount Stores/Transco *operations* agreement is solely a subterfuge to circumvent the former A&P labor agreement. However, plaintiff makes no allegation and presents no evidence that Plus Discount is party to any collective bargaining agreement.[4] Such allegations, including that of subterfuge, at best, are but conclusory statements and are not actionable. *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519 (3d Cir. 1972). Even assuming it to be an employer for purposes of labor relations, the mere assertion that Plus Discount Stores is a subsidiary of A&P, even if wholly owned, does not suffice to bring it within the ambit of being a single employer. *General Teamsters Local 249 v. Pem Builders Supply Co.*, 461 F.Supp. 1211 (E.D.Pa.1978). Moreover, Plus Discount is not alleged or shown to be party to a labor agreement different from that which was negotiated between Transco and Local 169. As previously discussed, that August 10, 1979, agreement is presumptively proper. If proper when made, the terms of the labor agreement remain binding regardless of the names of the parties on the document.

The court notes that the labor agreement which plaintiff would seek to enforce ex-

pired by its terms on February 2, 1980. Since that time, the parties to the expired labor agreement would certainly have been free, even expected, to renegotiate an expired agreement. Since plaintiff has failed to allege or demonstrate any injury to established contract rights occurring prior to the expiration date of the old A&P agreement, any claim for damages is now moot.

For the above reasons, the court concludes that plaintiff failed to state a claim upon which relief may be granted against the defendant employers under Section 301(a). However, presently before me is a motion for summary judgment. Beyond the factual allegations of the complaint, plaintiff has presented facts only through an affidavit which fails to clarify his employment status or state how, if at all, he may have been injured. Plaintiff has had full opportunity to develop facts from which genuine issues of fact may have arisen but plaintiff has not done so. Plaintiff was given ample opportunity to present material pertinent to a meritorious defense to defendants' motion for summary judgment, but not even a suggestion of a genuine issue of material fact has been presented to the court. Having taken all of plaintiff's allegations as true, with every favorable inference which may be drawn, and finding no genuine issue of material fact, an Order granting summary judgment in favor of the party defendants shall be entered.

---

**3.** Plaintiff does not allege the nature of the grievance or otherwise state whether it pertained to any matter arising under the terms of the subsisting labor agreement.

**4.** Plus Discount has not been served and, therefore, is not a party to this action.