Oliver DeGray VANDERBILT, individually, and Oliver DeGray Vanderbilt, individually and as trustee, Madelon V. Peck, Charles S. Peck, Anne P. McNicholas and John C. Baity, as trustee, partners, trading as Vanderbilt & Company, derivatively on behalf of Geothermal Resources International, Inc.

and

C. Clay Noah (Intervenor)

v.

GEO–ENERGY LIMITED, E.J. Lavino and Company, Edward J. Lavino, II, individually and as a trustee, Ronald P. Baldwin, George L. Barnes, Dominic J. Falcone, Robert R. Twiford, Geothermal Resources International, Inc. and Thomas F. Bole.

Civ. A. No. 82–1799.

United States District Court,
E.D. Pennsylvania.

July 24, 1984.

**1000**

Harold E. Kohn, Robert J. LaRocca, Lawrence T. Hoyle, Jr., Philadelphia, Pa., for plaintiffs.

Marc J. Sonnenfield, Philadelphia, Pa., for Geothermal Resources Internl., Inc.

Matthew J. Broderick, Jeffrey G. Weil, Arthur H. Rainey, Philadelphia, Pa., for all remaining defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is a derivative suit on behalf of Geothermal Resources International, Inc. ("GRI"). Upon remand by the Third Circuit Court of Appeals the court has reexamined whether plaintiffs Oliver DeGray Vanderbilt, Vanderbilt & Company, and C. Clay Noah are fair and adequate representatives of the shareholder class. The court has also considered defendants' contention that Vanderbilt failed to make a good faith demand for remedial action upon GRI's board as required by Fed.R.Civ.P. 23.1. For the reasons set forth below, the court finds that named plaintiffs have met the fair and adequate representation requirement, and that Vanderbilt was excused from making a demand upon GRI's board of directors.

*Adequacy as a Class Representative*

The facts underlying this action have been previously set out and will not be repeated here. *See Vanderbilt v. Geo-Energy, Ltd.,* (3d Cir.1983), 725 F.2d 204. In determining plaintiff Vanderbilt's adequacy as a representative the critical issue is whether Vanderbilt has interests antago-nistic to those of the class. Two overlapping factual questions lurk in the record which are arguably relevant to the court's analysis. First, prior to instituting this suit, Vanderbilt purportedly made an unsuccessful attempt to have defendant Geo-Energy Limited purchase Vanderbilt's GRI stock at a substantial premium. Second, Vanderbilt had allegedly threatened to curtail certain aircraft leasing arrangements with GRI, and as a result GRI sued Vanderbilt in state court to prevent any termination from occurring. Defendants argue that these circumstances, in addition to Vanderbilt's demonstrated hostility toward defendants, render him an inadequate representative of the shareholder class. Upon reconsideration, the court cannot agree.

Rule 23.1 provides in part: "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." The Third Circuit has explained that to meet the fair and adequate representation requirement "the plaintiff must not have interests antagonistic to those of the class." *Lewis v. Curtis,* 671 F.2d 779, 788 (3d Cir.1982). Basically, this means that he must be free of any interest which holds the potential of influencing his conduct of the litigation in a manner inconsistent with the interests of the class. *Davis v. Comed,* 619 F.2d 588, 593 (6th Cir.1980) (citations omitted).

In the present case, defendants cite Vanderbilt's alleged attempt to force them to buy out Vanderbilt's stock, and the existence of other litigation pending between the parties as grounds to support their contention that Vanderbilt is an inadequate representative. These circumstances, however, are insufficient to establish Vanderbilt's inadequacy. Defendants' suit against Vanderbilt in state court does not show that Vanderbilt has interests antagonistic to those of the shareholder class he seeks to represent here because defendants, not Vanderbilt, initiated the other litigation. Thus, this is not a situation where

plaintiff, controlling more than one suit, might be faced with the dilemma of choosing which lawsuit's objectives are more important. (For instance, where sacrifice of one suit's objectives would enable success to be achieved in the other.) Then too, even assuming that Vanderbilt had previously sought to have defendants purchase his GRI stock at a premium, this past course of conduct directed toward defendants does not indicate that Vanderbilt presently holds an interest antagonistic to that of the class. At best, it might reveal a residual contentiousness between Vanderbilt and defendants. Inadequacy as a class representative is not made out merely because of a discordant relation between plaintiff and defendants. To the contrary, this may inspire plaintiff to be an even more forceful advocate. That plaintiff may have amorphous hostile feelings against defendants is not in itself relevant to the court given the absence of any concrete fact which reveals a conflict of interest between plaintiff and the class sufficient to make his representation inadequate, *see* 1 H. Newberg, *Class Actions* § 1120f (1977).

### Demand Requirement Under Rule 23.1

[3, 4] Rule 23.1 of the Federal Rules of Civil Procedure provides that a plaintiff in a derivative action shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort." While failure to comply with Rule 23.1 is grounds for dismissal of the complaint, *Shlensky v. Dorsey*, 574 F.2d 131, 142 (3d Cir.1978), the demand requirement itself may be excused where plaintiff's complaint alleges some facts which show that a demand would be futile. Addressing itself to the issue of futility, the Third Circuit held, in *Lewis v. Curtis*, 671 F.2d 779, 785 (3d Cir.1982), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 144, that "demand on the board should not be required ... where the allegations of the complaint permit the inference by the court that the directors upon whom demand would be made lack the requisite disinterestedness to determine fairly whether the corporate claim should be pursued." The trial court should focus on whether a demand would be likely to prod the directors to correct a wrong. *Lewis v. Curtis*, 671 F.2d at 786.

■ Upon review of plaintiff Vanderbilt's complaint[1] in light of the principles of *Lewis*, the court concludes that any demand must be presumed futile due to either bias or involvement by the majority of GRI's board of directors. Plaintiff Vanderbilt is accordingly excused from the Rule 23.1 demand requirement.[2]

The heart of plaintiff's complaint is that GRI's board of directors and its two parent corporations, Geo-Energy Limited and E.J. Lavino and Company ("EJL Company"), participated in a scheme to deplete GRI of its assets for defendants' personal gain, to the detriment of GRI and its minority shareholders. Defendants allegedly executed their plan by acquiring 80% control of GRI. The 80% interest was obtained only after defendants caused GRI to issue and sell 1.2 million shares of common stock to Geo-Energy Ltd. at a price unfairly low to GRI. Thereafter, defendants purported-

---

1. Since plaintiff Noah is an intervenor plaintiff, his complaint did not begin a new lawsuit but merely added vitality to the litigation initially brought by Vanderbilt. As the Third Circuit exlained on appeal, *Vanderbilt v. Geo-Energy Limited*, 725 F.2d 204, at 210–211 (3d Cir.1983), if Vanderbilt was excused from making a demand, then Noah was also excused as of the time Vanderbilt commenced his action. Thus, this court need only examine whether Vanderbilt either met or was excused from meeting Rule 23.1's demand requirement.

2. Vanderbilt's complaint asserts not only that a demand on GRI's board would be futile, but that in fact a demand had been made and rejected. Complaint paragraph 22(c). This prior rejection, however, does not require that the court undertake an analysis under the business judgment rule. The Third Circuit has indicated that courts should not apply different standards of interestedness to cases in which plaintiff has made no demand in contrast to cases in which a demand as been made and rejected. *Lewis v. Curtis*, 671 F.2d at 786.

**1002**

ly caused GRI to sell its assets to Geo-Energy Ltd. at a substantially inadequate price and misappropriated GRI's tax benefits for defendants' own personal gain.

Five of GRI's seven member board of directors, in addition to Geo-Energy Ltd. and EJL Company, are named as defendants. It is critical to note that four of the five defendant directors of GRI are also officers, directors, or both of either Geo-Energy Ltd. or EJL Company. GRI's President and Chairman of the Board is EJL Company's President, Chairman of the Board and principal stockholder. GRI's Chief Executive Officer and Vice Chairman of the Board is Geo-Energy Ltd's President and EJL Company's Vice President. GRI's Secretary, who is also a member of GRI's board, is EJL Company's Vice President and General Counsel. A fourth member of GRI's board is EJL Company's Vice President and Treasurer. Considering the nature of the claims in the complaint—self-dealing in GRI's assets among GRI's board and its two parent corporations, and considering that a majority of GRI's board members are also board members or officers of theparent corporations who are alleged to have participated in the wrongdoing, it is obvious that the GRI board as a whole cannot be considered to be either unbiased or disinterested as to the claims of the complaint. Accordingly, the court finds that to require plaintiff to make demand in this case would be a meaningless formality which would only result in further delay of the suit and plaintiff's attempt to obtain relief. Demand is thus excused.

An appropriate Order will be entered denying defendants' motions to dismiss the complaint of Vanderbilt and Noah.