ROBERT ALAN INSURANCE AGENCY

v.

GIRARD BANK, Strouse Greenberg & Co., Lee Guber, Sheldon Gross, Myer Feldman, Joseph Harris, David Solms, H.C. Van Arsdale, and Music Fair Group, Inc.

Civ. A. No. 83–2370.

United States District Court, E.D. Pennsylvania.

July 26, 1985.

Stephen Lowey, Lowey, Dennenberg & Knapp, P.C., New York City, for plaintiff.

Irving Segal, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for individual defendants and Music Fair Group and Girard Bank.

John Soroko, Duane, Morris & Heckscher, Philadelphia, Pa., for Strouse Greenberg & Co.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This securities action was brought by plaintiff partnership Robert Alan Insurance Agency (which is comprised of three partners—Robert, Alan, and Victor Potamkin—hereinafter referred to as "the plaintiffs") on behalf of a proposed class of approximately 700 persons who in October of 1982 owned common stock of Music Fair Enterprises, Inc. (Music Fair), a Pennsylvania corporation which owned and operated the Valley Forge Music Fair in Pennsylvania and the Westbury Music Fair in Westbury, New York. The complaint alleges that the defendants—Girard Bank, Strouse Greenberg & Co., several individual officers and directors of Music Fair, and Music Fair Group, Inc. (MFG), the successor corporation to Music Fair—violated various federal securities laws and committed common law fraud in connection with the "going-private" merger of Music Fair with

MFG in October of 1982. According to the complaint, MFG is a corporation organized in October of 1982 for purposes of the merger by defendants Lee Guber and Sheldon Gross, who at that time were the executive officers of Music Fair. In effect, the proposed class consists of all persons, exclusive of the defendants and their families, who owned common stock of Music Fair at the time of the merger. The complaint alleges that defendants Guber and Gross, together with several defendants who were directors of Music Fair at the time of the merger, issued a materially false and misleading proxy statement and prospectus (including a misleading "fairness opinion" issued by defendant Girard Bank and a misleading real estate appraisal issued by defendant Strouse Greenberg & Co.) which caused the plaintiffs and class members to approve the merger of Music Fair with MFG based on a one-for-twenty-five exchange of Music Fair common stock for preferred stock of MFG. It is alleged that defendants Guber and Gross now own 100% of the outstanding common stock of MFG. The complaint alleges that had the alleged false and misleading statements and omissions not been made—especially a real estate appraisal which allegedly undervalued the property by some $1.3 million dollars—the plaintiffs and class members would not have exchanged their shares of Music Fair common stock but would have exercised their appraisal rights under Pennsylvania law. The complaint sets forth causes of action pursuant to Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k; Sections 10(b) and 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78n(a); and Rules 10b–5 and 14a–9 promulgated under the 1934 Act. A pendent cause of action for common law fraud and deceit also is alleged.

The plaintiffs have filed a motion for class certification pursuant to Fed.R.Civ.P. 23(c)(1) seeking to certify a class under Rule 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if the general class action prerequisites of Rule 23(a) are satisfied and

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Rule 23(a) sets forth the four general prerequisites to a class action:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The defendants have opposed the motion for class certification. The defendants do not dispute that the plaintiffs have satisfied the first three prerequisites for maintaining a class action under Rule 23(a), nor do they contend that this case would not be properly maintainable as a class action pursuant to Rule 23(b)(3). The defendants' sole basis for opposing certification of the class is that the named plaintiff partnership, through its individual partners (the Potamkins) will not "fairly and adequately protect the interests of the class" within the meaning of Rule 23(a)(4). The defendants assert that the plaintiffs are not adequate class representatives for two reasons: (1) the plaintiffs' motion for class certification was not filed within ninety days following the filing of the complaint as required by Local Civil Rule 27(c), and (2) that the plaintiffs (and their counsel) contacted defendants Guber and Feldman, prior to instituting this lawsuit, in an effort to obtain a higher price for their shares than the terms of the merger provided, and that these contacts demonstrate that the plaintiffs have placed self-interest above the interests of the class. For the reasons that follow this Court has determined that the defendants' objections to the adequacy of the plaintiffs as class representatives are without merit, and that the plaintiffs' motion for class certification will be granted.

At the outset, it must be observed that, as the Third Circuit recently has emphasized,

> Class actions are particularly appropriate and desirable means to resolve claims based on the securities laws, "since the effectiveness of the securities laws may depend in large measure on the application of the class action device." *Kahan v. Rosenstiel*, 424 F.2d 161, 169 (3d Cir.), *cert. denied*, 398 U.S. 950 [90 S.Ct. 1870, 26 L.Ed.2d 290] (1970). We stated further, "[T]he interests of justice require that in a doubtful case ... any error, if there is to be one, should be committed in favor of allowing a class action." *Id.* (quoting *Esplin v. Hirschi*, 402 F.2d 94, 101 (10th Cir.1968), *cert. denied*, 394 U.S. 928 [89 S.Ct. 1194, 22 L.Ed.2d 459] (1969)). As the Second Circuit has noted, "a class action [in a federal securities] may well be the appropriate means for expeditious litigation of the issues, because a large number of individuals may have been injured, although no one person may have been damaged to a degree which would have induced him to institute litigation solely on his own behalf." *Green v. Wolf Corp.*, 406 F.2d 291, 296 (2d Cir.1968), *cert. denied*, 395 U.S. 977 [89 S.Ct. 2131, 23 L.Ed.2d 766] (1969).

*Eisenberg, et al. v. Gagnon, et al.*, 766 F.2d 770, 785 (3d Cir.1985).

In the present case the defendants challenge the adequacy of the named plaintiffs as representatives of the class. The Third Circuit has declared that

> [a]dequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class.

*Vanderbilt v. Geo-Energy, Ltd.*, 725 F.2d 204, 207 (3d Cir.1983), quoting *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

The defendants first contend that the plaintiffs are inadequate class representatives because the motion to certify the class was filed fifty-seven days after the ninety day period specified in Local Rule 27(c) had elapsed. Local Rule 27(c) provides in pertinent part that

> Within ninety (90) days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing the plaintiff shall move for a determination ... as to whether the case is to be maintained as a class action.

The defendants do not contest the "experience of counsel or his qualifications" with respect to securities litigation. *See* Defendants' Response to Motion for Class Certification at 3. However, the defendants do contend that the untimely filing of the motion for class certification nevertheless bears on the adequacy of the named plaintiffs' representation of the interests of the class. The defendants rely heavily, if not exclusively, upon the United States Supreme Court's decision in *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) for the proposition that a named plaintiff's failure to timely move for class certification "bears strongly" on the issue of the adequacy of the representative. *Rodriguez*, 431 U.S. at 405, 97 S.Ct. at 1897. However, the situation in *Rodriguez* is quite clearly distinguishable from the circumstances of this case. In *Rodriguez*, three plaintiffs brought an employment discrimination action against the defendant trucking company, alleging that certain of the defendant's employment practices had discriminatorily prevented the plaintiffs from becoming "line drivers". Although the complaint alleged that the suit was brought on behalf of all blacks and Mexican Americans who had been denied equal employment opportunities because of their race or national origin, the plaintiffs *never* moved to certify the class prior to trial, and indeed at trial the plaintiffs' proof was confined to their individual claims. *Rodriguez*, 431 U.S. at 399–400, 97 S.Ct. at 1895. The district court dismissed the class action allegations and also held against the plaintiffs on their

individual claims. The Court of Appeals reversed, and on its own motion certified a class and imposed liability upon the defendant. The Supreme Court held that the Court of Appeals "plainly erred" in certifying the class, primarily because the record in the district court clearly showed that the named plaintiffs lacked the qualifications to be "line drivers" and were "simply not eligible" to represent the proposed class. 431 U.S. at 404, 97 S.Ct. at 1897. The Supreme Court also noted that the plaintiffs' "failure to move for class certification prior to trial ... bears strongly on the adequacy of the representation that [the] class members might expect to receive." 431 U.S. at 405, 97 S.Ct. at 1897.

In the present case the plaintiffs did not, as in *Rodriguez*, completely *fail* to move for class certification; the plaintiffs merely filed the certification motion about two months beyond the period set forth in the Local Rule. An affidavit submitted by plaintiffs' counsel states that he was responsible for the untimely filing due to his failure to request an extension of time within which to file the certification motion while he pursued other issues in the litigation. However, as noted above, the defendants do not directly challenge the competence of counsel, but contend that the "failure to comply [with the Local Rule] is a ... manifestation of plaintiffs' disregard for the interests of the class." Defendants' Response to Motion for Class Certification at 17. It is difficult to see how the inadvertent failure of counsel to comply with a local court rule can be used to impugn the representative adequacy of the *plaintiffs*. In any event, the Third Circuit has stated that the denial of a motion for class certification for failure to comply with the requirements of the Local Rule rests within the discretion of the district court. *Walton v. Eaton Corp.*, 563 F.2d 66, 75 n. 11 (3d Cir.1977) (no abuse of discretion in denying motion for class certification filed twenty-one months after filing of complaint). In exercising its discretion in such circumstances it is appropriate to consider the length of the delay in filing for class certification and the prejudice, if any, to the

defendants. *See Muth v. Dechert, Price & Rhoads,* 70 F.R.D. 602, 606 (E.D.Pa.1976). In this case the defendants do not—indeed, they could not—contend that the untimely filing prejudiced them in any way. The plaintiffs' class action allegations were set forth in the complaint, and it is clear that the less than two month delay in moving to certify the class caused no prejudice to any parties to this action. The few cases in which courts have declined to certify a class for failure to file a timely certification motion have involved situations where the named plaintiff *never* moved for certification, *e.g., East Texas Motor Freight v. Rodriguez, supra,* and *Conran v. Great Atlantic & Pacific Tea Co., Inc.,* 499 F.Supp. 727 (E.D.Pa.1980), or where the plaintiff's delay in moving for certification was extraordinary, *e.g., Walton v. Eaton Corp.,* 563 F.2d at 74–75 (twenty-one months), and *In Re Folding Carton Litigation,* 88 F.R.D. 211 (N.D.Ill.1980) (two and one half years). This Court has determined that, under the circumstances of this case, the failure of counsel to strictly observe the time period provided in Local Rule 27 does not render the plaintiffs inadequate representatives of the class pursuant to Fed.R.Civ.P. 23(a)(4).

The defendants next contend that the plaintiffs demonstrated that they will not fairly and adequately protect the interests of the class members because they engaged in settlement discussions with two of the defendants prior to the institution of the lawsuit. The affidavits submitted by the parties establish that the Potamkins did not receive notice of the proposed merger until after it was consummated; that the Potamkins considered the terms of the merger "ridiculously unfair"; and that they engaged counsel to protect their interests. After preliminary investigation, counsel for plaintiffs contacted defendant Feldman and stated that he believed the plaintiffs' stock was worth more than the price provided by the merger. He discussed the possibility that defendants Gross and Guber might be willing to purchase the plaintiff's Music Fair stock at

what they, the plaintiffs, considered a fair price. During his conversation with Mr. Feldman, plaintiffs' counsel characterized the merger as "fraudulent". Subsequently, Robert and Victor Potamkin each telephoned defendant Guber in an effort to obtain what they considered to be an acceptable price for their Music Fair stock. Victor Potamkin allegedly stated that the merger terms were acceptable for the other shareholders, but not for him. *See* Affidavit of Lee Guber, at 2, attached to Defendants' Response to Motion for Class Certification. When Mr. Guber refused to take any action with respect to the Potamkins' request, Robert Potamkin indicated that a lawsuit would be filed. The plaintiffs had no further personal contact with the defendants.

 One factor that may bear on the issue of whether the class representative's interests are antagonistic to those of the class is "the relative magnitude of plaintiff's personal interest as compared to his interest in the [class action] itself." *Davis v. Comed, Inc.*, 619 F.2d 588, 593–94 (6th Cir.1980). In *Vanderbilt v. Geo-Energy, Ltd.*, 590 F.Supp. 999 (E.D.Pa.1984), the named plaintiff in a shareholders' derivative class action had allegedly attempted to force the defendant corporation to buy his stock at a premium prior to the institution of the litigation. The defendants contended that this effort to obtain a personal settlement prior to filing the class action demonstrated a disregard of the interests of the class members and rendered the named plaintiff an inadequate class representative. The court held that "even assuming that [the named plaintiff] had previously sought to have the defendants purchase his [shares of] stock at a premium, this past course of conduct ... does not indicate that [the named plaintiff] *presently* holds an interest antagonistic to the class." *Vanderbilt*, 590 F.Supp. at 1001 (emphasis added). The defendants in this case concede that "pre-litigation settlement discussions and threats of suit in those discussions" are not improper, and that it is not "improper for a potential class representative on his behalf to attempt, before filing suit, to negotiate a settlement for himself." Defendants' Response to Motion for Class Certification, at 19. Even assuming that in the course of one of the few settlement conversations one of the plaintiffs did say something to the effect that the terms of the merger might be satisfactory for other shareholders but not for him, there is no basis in this record viewed as a whole for this Court to find that the plaintiffs will not vigorously prosecute this lawsuit on behalf of the class or that the plaintiffs are not *presently* able to fairly and adequately protect the interests of the class. *See* Reply Affidavit of Robert Potamkin.

As noted above, the Third Circuit has emphasized that class actions are a particularly appropriate means to resolve claims brought pursuant to the federal securities laws, and that in doubtful cases any error should be made in favor of allowing the class action to proceed. *Eisenberg, et al. v. Gagnon, et al., supra*, at 785. This Court has not been persuaded that the plaintiffs in this action will not fairly and adequately protect the interests of the class. The plaintiffs' motion for class certification will be granted, and this case shall proceed as specified in the accompanying Order.